## SARGENT vs. DOWNEY.

CONTRACT: PARTNERSHIP: PLEADING. *(1) Whether certain averments show a partnership. (2) Loss of moneys deposited in bank, by failure of bank: whose loss.*

1. Complaint, that defendant agreed to manufacture into cheese, at his own factory, milk to be furnished by plaintiff, and to sell the cheese, and pay plaintiff the proceeds, less two cents per pound; that plaintiff delivered the milk, and defendant manufactured it into cheese, which he sold; and that plaintiff's share of the product is a specified sum, which defendant refuses to pay, etc. Answer, that the milk so delivered was to be, and was, mixed with milk belonging to defendant and to other persons, and then made into cheese; that each person furnishing milk was to have his proportion of the cheese made, according to the quantity of the milk by him furnished, after paying the cost of manufacturing; that defendant and plaintiff and others so furnishing milk were partners therein and in the cheese so made; that plaintiff and other patrons of the factory made defendant their agent to sell said cheese; that he sold it and deposited the money in a certain bank, which failed; that there was no negligence on defendant's part in regard thereto; and that, except as above admitted, he denies all the allegations of the complaint. *Held*, that the answer does not state any facts showing a partnership, nor otherwise state a defense.

2. Plaintiff proved a delivery of the milk to defendant, an accounting for the cheese sold, and a deposit by defendant of plaintiff's share of the proceeds in the bank, which defendant alleges to have failed. *Held*, that the facts alleged in the answer as to such deposit and failure would not relieve defendant of his liability.

APPEAL from the Municipal Court of the *City of Ripon.*. Plaintiff appealed from a judgment of nonsuit herein. The pleadings and evidence are sufficiently stated in the opinion.

The appeal was submitted on the brief of *Turner & Thompson* for the appellant, and that of *E. L. Runals* for the respondent.

ORTON, J. The nonsuit in this case was granted on two grounds: 1st. Because the evidence showed that the defendant and other patrons, including the plaintiff, were partners, and that no action could be maintained except for an accounting. 2d. That, upon the facts proved, plaintiff was not entitled to recover. The complaint, in effect, charges that the defendant contracted with the plaintiff to manufacture into cheese, at his own factory, the milk furnished by the plaintiff, and to sell the cheese and pay the plaintiff the proceeds, less two cents per pound; that plaintiff delivered the milk, and defendant manufactured it into cheese, and sold the cheese, and plaintiff's share of the product is $84.23, which the defendant refuses to pay, and has converted to his own use. The answer does not deny this contract, or any of the allegations of the complaint, but sets up that the contract was made with the plaintiff and other patrons of the factory, and that the plaintiff, defendant and these other patrons were partners, and that there has been no accounting; but states that they were to receive *pro rata* the proceeds, less the cost of manufacturing, and that the defendant has sold the cheese and deposited the money from such sale in the Bank of Waupun, which has failed.

This answer does not materially deny the cause of action set out in the complaint, or show any defense. Instead of showing a partnership, it virtually admits the contract, and sets up that the same contract was made with the other patrons of the cheese factory, and that each one was to receive the same share of the cheese, the product of the milk furnished by each, and completely severs the interests of each in the contract. If the case was in such attitude as to raise the question whether the plaintiff was not entitled to recover on the pleadings without any evidence, we should be inclined to hold that the answer virtually admits the plaintiff's cause of action. But the plaintiff proved the delivery of the milk to the defendant, and an accounting for the cheese sold, and a deposit of the plaintiff's share of the proceeds in the "Bank of Waupun," amounting to the sum of $84.23, and that the defendant claimed that the same was lost by the failure of the bank.

The answer does not state any facts which would make the loss of the money by the failure of the bank the loss of the plaintiff, or relieve the defendant from his liability to pay the money to the plaintiff; and most certainly the evidence discloses nothing having any such legal effect, but, on the other hand, establishes the plaintiff's right to recover.

*By the Court.* — The judgment of the municipal court is reversed, with costs, and the cause remanded for a new trial.